ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMITH | : | |
| PLAINTIFF | : | CIVIL No. 1:CV-01-1026 |
| v. | : | HONORABLE Sylvia H. Rambo |
| UNITED STATES OF AMERICA | : | |
| DEFENDANT. | : | |

oOo

**PLAINTIFF'S PETITION FOR REPRESENTATION OF COURT
APPOINTED COUNSEL TO ASSIST IN THIS CIVIL MATTER
PURSUANT TO 42 USC § 1988(b)**

**COMES NOW** plaintiff Jerome Smith, Pro se, respectfully moves this Honorable Court to grant him, Court Appointed Counsel, to assist plaintiff in the litigation of this civil matter now pending before the Court pursuant to 42 U.S.C. § 1988(b), for reasons stated herein as follows:

### PRELIMINARY STATEMENT

A complaint has been filed against the United States of America (defendant), whom operates a prison system and is responsible for the care, health and welfare of federal prisoner's within its custody in the federal prison system. Plaintiff's complaint was filed in the United States District Court for the Middle District of Pennsylvania, on June 8, 2001. This complaint contains a medical negligence claim under the Federal Tort Claims Act (FTCA), wherein this Honorable Court has jurisdiction pursuant to 28 USC § 1346(b), and Tort Claim Action pursuant to 28 USC § 2671 et. seq., which was entered against the defendant.

-1-

This civil complaint has been assigned to the Honorable Sylvia H. Rambo (U.S. District Court Judge), in the Middle District Court for Pennsylvania - for review and consideration.

Magistrate Judge Smyser, has screened the complaint and issued a order and recommendation before the Court on June 18, 2001, directing the Clerk of the Court to serve upon the defendant the summons and complaint in accordance with Fed. R. Civ. P. 4(i).

## MERITS OF THE COMPLAINT

The power of the Courts to adjudicate an inmate's complaint about medical treatment requires that a federally protected right be involved in the medical treatment or lack of treatment thereof. The inmate must allege the presence of a federally protected right in the case being submitted before the Court.

Complaints about medical treatments have included claims about the adequacy and nature of the medical care received, allegations of a total denial of medical care, and conduct of prison officials attendant to the medical care. Prison health care records are a compilation of data from many sources regarding the preventive, curative, and rehabilitation care and treatment of the inmate. The health care record must be readily available, complete, current, and accurately reflect the inmates health status and problems. According to B.O.P. Policy Statement 6000.05, the primary objective of institutional health services personnel is the delivery of health care to offenders committed to the care and custody of the Attorney General.

Bureau policy is to provide necessary medical care consistent with community standards. Further, it is Bureau practice to maintain the health of inmates by providing medical care for significant problems that are persistent or longstanding, within available resources. This policy guides medical personnel in determining the level and extent of care, particularly in surgical intervention.

Factors to be considered in making decisions under this policy include the level of care provided to persons in the community with similar medical problems. The existence of the condition prior to the inmate's incarceration and, if treatment was not obtained prior to incarceration. The length of the sentence remaining - whether the surgery/procedure could be reasonably delayed without causing a significant progression, complication, or deterioration of the condition and would not otherwise violate sound medical principles. (quoting P.S. 6000.05).

Here, plaintiff alleged in his complaint that B.O.P. officials failed to provide necessary medical treatments to his serious medical needs, and acted with the requisite culpable state of mind to be considered as acting with deliberate indifference to prisoner's medical needs. This assertion is supported by fact and law, whereas the institutional medical records in this case will support a deprivation of medical care for plaintiff's serious medical needs for purposes of claim that prisoner's Eighth Amendment right have been violated. The record in this case will support the allegations alleged by plaintiff where consulting physicians made their recommendations during 1999, after examination of plaintiff's condition.

-3-

Plaintiff is presently suffering from a herniated disc at L4-5 which is bulging centrally. This is causing central canal stenosis and bilateral neuroforaminal stenosis. At L5-S1, he has a herniated disc on the right deforming the thecal sac and also impinging on the right S1 nerve root. This condition is causing servere pain in both legs, as well as pain in the lower portion of the back.

This medical condition was documented by Dr Ronald M. Krasnick, MD (Examining Doctor) in his report dated September 22, 1999, after a complete examination and new (MRI) study of the Lumbar Spine was performed. At that time, Dr Krasnick, from (Rancocas Orthopedic Associates) Willingboro, New Jersey, advised prison officials that the (MRI) study was grossly abnormal. He than recommended that plaintiff should be further examined by Dr Ratner, in terms of whether or not more aggressive management may be necessary and he indicated that plaintiff's medical condition was unchanged subjectively and objectively and that treatments should be strictly symptomatic.

However, the recommendations were made during June 1999, and thus it is now June 2001, in which plaintiff still has not received any treatments as was recommended by examining doctors as indicated by the medical report. On January 26, 2001, a Memorandum was sent from Henry J. Sadowski, Regional Counsel - whom acknowledge that plaintiff is now in need of surgical repair of the herniated disc. Thus, because of the non-treatments by medical staff at the Federal Bureau of Prisons, is the proximate cause of plaintiff's now needing surgical repair and prison officials breached their duty for not following consulting physicians orders.

-4-

The Government has a obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison officials to treat his medical needs. If they fail to do so, his needs will not be met. This failure **caused** plaintiff to experience actual physical torture the most immediate concern under the Eighth Amendment and he has experienced pain and suffering as an rexult of not receiving the required treatments for his serious medical condition which serves no penological purpose. In either event, the infliction of unnecessary suffering is inconsistent with contemporary standards of decency under modern laws codifying the common-law principle that the public be required to care for the prisoner, who cannot, by reason of the deprivation of his liberty, care for himself. In the context of a prisoner's claim of inadequate medical care, society does not expect that prisoner's will have unqualified access to health care.

Most of the supporting documentation in this case, is located within the medical department at Allenwood Federal Prison Camp. The records will indicate the need for treatments for a serious medical problem. At this present date, plaintiff continues to suffer at the hands of prison officials whom are totally disregarding his medical condition concerning his lower back problems and plaintiff continues to experience servere pain in his legs and lower back. He has made complaints to all institutional officials during his (6) years of incarceration. He is presently being forced to work a institutional job. Prison officials are also well aware that plaintiff is a recipient of a social security administration grant for his medical condition being disabled since 1992.

-5-

Moreover, plaintiff is presently suffering from a <u>bipolar-disorder</u>, which typically features episodes of Major Depression interspersed with periods of mania or hypomania a abnornally elevated or expansive mood. This condition causes his inability to think clearly at times, being unable to concentrate and is due to the lack of a chemical imbalance in the brain. He is presently being given medication for this disorder which is Prozac. See (Attach Document Exhibit A).

Plaintiff is a citizen of the United States and a veteran of the United States Armed Forces serving (13) years of Honorable service in the U.S. Army and the Pennsylvania Army National Guard. Due to his poverty because of his incarceration, he is unable to pay for the assistance of counsel. He also believes he is entitled to the redress in which he seeks in said suit or action against the United States Government. Since this is a cognizable claim for relief sought, plaintiff respectfully request from the Honorable Court to grant said motion for the assistance of counsel to aid in the litigation of the court proceedings with procedure.

In addition, since the Federal Bureau of Prisons officials have violated plaintiff's civil rights and a federally protected statute, pursuant to 18 USCA § 4042(a), plaintiff feels it would behoove this Honorable Court to issue a order upon prison officials to provide treatments which are required to prevent further pain and suffering and further risk to health. Therefore, plaintiff will await further instructions and the Court - answer to this request being made for counsel.

**WHEREFORE,** plaintiff prays that this Honorable Court will consider and grant this motion for representation of counsel to assist with obtaining the necessary documentation, due to the reasons stated herein regarding this civil matter.

Dated: <u>June 20, 2001</u>

Respectfully submitted,

*/s/ Jerome Smith/*

Jerome Smith, Plaintiff
Reg No. 19145-018
Allenwood Federal Prison Camp
Dorm C
P.O. Box 1000
Montgomery, Pa 17752

## CERTIFICATE OF SERVICE

I, plaintiff Jerome Smith, Pro se, hereby certify that extra copies were mailed to the Court Clerk for the defendant's on this _____22th_____ day of ___June___ 2001. to the following address:

Office of the Court Clerk
U.S. District Court
228 Walnut Street
P.O. Box 983
Harrisburg, Pa 17108

Signed Under Penality of Perjury
Pursuant to 28 USC § 1746

_Jerome Smith_
Plaintiff Signature

-8-

EXHIBIT

Exhibit "A"   11/7/00 9:3

| MEDICAL RECORD | CONSULTATION SHEET |
|---|---|

**REQUEST**

| TO: Neurology | FROM: (Requesting physician or activity) FPC Allenwood | DATE OF REQUEST 9-25-00 |
|---|---|---|

REASON FOR REQUEST (Complaints and findings)

This 42 year old black male gives history of a spinal injury 1984 from a fall while employed at Naval ship yard in Philadelphia. MRI report dated 8/99 showed degenerative disc disease with herniation, (see attached MRI report). Please evaluate and recommend treatment plan.

PROVISIONAL DIAGNOSIS

DJD lumbar spine with herniation.

| DOCTOR'S SIGNATURE Leon Biglete MD | APPROVED | PLACE OF CONSULTATION ☐ BEDSIDE ☐ ON CALL | ☐ ROUTINE ☐ 72 HOURS | ☐ TODAY ☐ EMERGENCY |
|---|---|---|---|---|

**CONSULTATION REPORT**

PMH

Depression/Bipolar Disorder
Obesity
Hypertension
NIDDM

Medication
Amlodipine 7.5 mg daily
Lisinopril 20mg Daily
E.C. Aspirin 325mg daily
Glyburide 5mg -One tablet every morning and evening
Clonidine 0.1mg - one tablet three times a day
Prozac 20mg every morning
Benadryl 50mg at hs

Imp: 1) HNP L5-S1, Rupture c radiculopathy
2) Deg LDD L4-5
Rec: MRI of L/S
Need surgery after a new MRI

(Continued on reverse side)

| SIGNATURE AND TITLE | DATE 11/7/00 |
|---|---|
| IDENTIFICATION NO. | ORGANIZATION | REGISTER NO. | WARD NO. |

PATIENT'S IDENTIFICATION

SMITH, Jerome
19145-018
DOB 4-09-58

FPC Allenwood
Rt. 15, PO Box 1000
Montgomery, PA 17752-9718

CONSULTATION SHEET
STANDARD FORM 513 (Rev. 9-77)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-45.505
513-108

U.S. GOVERNMENT PRINTING OFFICE 1991-301-783