UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,                        : CIVIL NO: 1:CV-01-1026
                                     :
        Plaintiff,                   :
                                     : (Judge Rambo)
   v.                                :
                                     : (Magistrate Judge Smyser)
UNITED STATES OF AMERICA,            :
                                     :
        Defendant                    :

### ORDER

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint on June 8, 2001.

The plaintiff's complaint contains a medical negligence claim under the Federal Tort Claims Act (FTCA) and *Bivens*[1] claims.

By an Order dated July 10, 2001, the plaintiff's *Bivens* claims were dismissed and the FTCA claim against the Federal Bureau of Prisons was dismissed. The only remaining claim is the FTCA claim against the United States.

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case.

In *Mallard v. U.S. District Court*, 490 U.S. 296 (1989), the Court held that 28 U.S.C. §1915 does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case.

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit set forth a number of factors the court should consider when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. The court in *Tabron* discussed the following factors: 1) the merits of the plaintiff's claim; 2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience, and the restraints placed on the plaintiff by incarceration; 3) the complexity of the legal issues; 4) the degree to which factual investigation is required and the

2

plaintiff's ability to pursue such investigation; and 5) the degree to which the case turns on credibility determinations or expert testimony. *Tabron, supra*, 6 F.3d at 155-56.

In the United States District Court for the Middle District of Pennsylvania, the need for a list of attorneys available for appointment to represent plaintiffs in potentially meritorious cases meeting the *Tabron v. Grace* criteria has been addressed in Local Rule 83.34. The Middle District Federal Bar Association has assembled a panel of attorneys who will accept appointments at the request of the court in these cases.

The plaintiff claims that he has not been provided adequate treatment for his lower back pain and that he has not received back surgery which was recommended by a neurosurgeon.

The plaintiff is not proceeding *in forma pauperis* in this case, but he does state that he is indigent.

The documents filed by the plaintiff thus far indicate that he is able to communicate effectively with the court. The plaintiff's claim is not overly complex. At this point, it is not clear what role credibility will play in this case if the case goes to trial.

We have considered the *Tabron* factors and have concluded that the circumstances presented in the instant case at this time do not justify a request to the administrator of the panel of volunteer attorneys to determine whether an attorney will accept an appointment in this case.

**AND NOW**, this 19th day of July, 2001, **IT IS HEREBY ORDERED** that the plaintiff's motion (Doc. 7) for the appointment of counsel is **DENIED**.

J. Andrew Smyser
Magistrate Judge

Dated: July 19, 2001.

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 19, 2001

Re: 1:01-cv-01026    Smith v. USA

True and correct copies of the attached were mailed by the clerk to the following:

Jerome Smith
FPC-ALLEN
Federal Prison Camp at Allenwood
19145-018
P.O. Box 1000
Montgomery, PA  17752

cc:
Judge                           ( )
Magistrate Judge                (✓)          ( ) Pro Se Law Clerk
U.S. Marshal                    ( )          ( ) INS
Probation                       ( )          ( ) Jury Clerk
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to: US Atty Gen ( )    PA Atty Gen ( )
                                        DA of County ( )    Respondents ( )

Bankruptcy Court                ( )
Other_____          ( )

MARY E. D'ANDREA, Clerk

DATE: _____7-19-01_____    BY: /s/ STR
                                   Deputy Clerk