1 ct

# ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH                    :

      Petitioner              :    **CIVIL CASE No. 1:CV-01-1026**

   v.                          :    (Judge Rambo)
                              (Mag. Judge Smyser)
UNITED STATES OF AMERICA         :

      Defendant.              :
                       oOo

**FILED**
HARRISBURG, PA

SEP 2 8 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### I.  Introduction

    Plaintiff is Jerome Smith, an inmate currently incarcerated at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania.  On September 13, 2001, plaintiff received defendant's "Brief In Support of Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment".

    Plaintiff contends that the complaint against the defendant United States of America, should not be dismissed, and summary judgment should not be granted for the reasons stated herein:

    Plaintiff request that the Honorable Court hold his pleading to less stringent standards than formal pleadings drafted by lawyers (citing Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L Ed. 2d 652.

### II.  History of the Case

    On February 1, 2000, Smith filed a Tort Claim documented as "Tort Claim No. TRT-NER-2000-00454" seeking compensation for his pain and suffering of the aggravation of the fall in <u>Unicor</u> at the time he slipped and fell.

This Tort Claim was rejected by Mr. Henry J. Sadowski Esq., [Regional Counsel] for the Northeast Regional Office, citing claiming an injury while at work within [Unicor], is excluded from coverage under the Federal Tort Claims Act. Smith was informed that "the exclusive remedy for inmate accidents at work is the 'Inmate Accident Compensation System' as set forth in Title 18, United States Code, Section 4126 and 28 Code of Federal Regulations, Part 301. See (Attached Document Exhibit "A" and Complaint ¶ 27).

Smith submitted his claim before the 'Inmate Accident Compensation Systems - Claims Examiner', on May 11, 2000. See (Attached Copy of Document Exhibit "A1"). After not receiving treatments that were recommended, Smith filed a second Tort Claim in the Regional Office, and alleged that he was not being provided with treatments for his lower back problems by medical staff at both Correctional Institutions, during his entire course of incarceration. He explained in his complaint that prison officials had breached its duty - which is the proximate cause of his pain and suffering. Moreover, he asserted that he did not receive the recommended treatments ordered by Dr. Ronald M. Krasnick MD., whom submitted his findings and report to prison officials on September 22, 1999. See (Attached Exhibit "E" Medical Report).

Smith also contended that he had been forced to work, by prison officials whom were aware that he is legally disable, and receives a disability grant from the Social Security Administration. See (Attached Document Exhibit "C").

Smith's second claim filed was denied on January 26, 2001, and he was instructed to file his complaint in the United States District Court within (6) months of the date of the regional director's memorandum.  See (Attached Exhibit "D").

Smith's complaint states the "United States of America", is responsible for ("BOP") employee's and owed duty of care to prisoner's which the statute specifically requires Bureau of Prisons to provide for safekeeping, care, subsistence and protection of all prisoner's under there custody.  (citing 18 U.S.C.A. § 4042(a)(2,3)).

Moverover, it is the responsibility of prison medical staff to communicate prisoner's health problems with other prison staff personal before work assignments are to be given to reduce risk of further harm to inmates health.  This was not done in the case before the bar.  Because prison officials required Smith to work within the Correctional Institution, forcing him to work while he is legally disabled, caused Smith's further aggravating pain and discomfort to his lower back and legs.  Smith has been working before the injury dated on December 10, 1998.

Smith's progress report from his [Unit Team] indicates that it was recommended by prison staff that Smith be assigned a job, to pay his court imposed fine.  Thus, prison officials totally disregarded Smith's medical condition and was negligent.

Smith has been on disbility since 1992, wherein disability for the purpose of entitlement is disabled workers benefits due to the inability to engage in any "Substantial gainful activity (SGA)

by reason of any medically determination physical or mental impairment which can be expected to result in death, or which has lasted for a continuous period of more than 12 months.  See (Attached Document Exhibit "C").  The determination of disability is done by the Social Security Administration and must be based upon all facts in an individual's case.  Hence, medical evidence is necessary for this determination and may be sufficient to establish that a person is, or is not, disabled for the purposes of receiving any type of diability benefits, or for establishing a period of disability.

Here, Plaintiff's medical condition dates back to 1984, wherein medical doctors have indicated during 1994, that he is legally disabled due to his injuries sustained from 1984 thru 1993.

Prison officials have copies of Smith's medical records as they have affirmed, to include hospital records, public and private medical records, military medical records, clinical findings, laboratory findings, diagnosis, and prescribed treatments, as well as the prognosis.  Yet, these factors were ignored by prison officials named in the complaint's which caused further pain and suffering.

Smith's complaint is also similar to Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, where the Supreme Court concluded that "even if a prisoner would suffer no physical injury from a delay in providing medical treatment, a "serious medical need" might be implicated if the prisoner is experiencing pain which could be alleviated through prompt medical attention".

Smith asserts that medical staff treated his high blood pressure, heart problems and depression, but his complaint is solely based upon the lack of diagnosis and inadequate treatment of his lower back condition.  Furthermore, the pain medication given by medical staff was ineffective, because Smith has informed medical staff that he was unable to take Ibuprofen, 600 mg. tablets, and Flexeril, 10mg tablets because he was given this pain medication for years and it was causing stomach irritation.

Smith also disputes the statements made by Dr. Toa G. Chaw MD., whom of course will say that Smith received adequate treatments because he is employed by the ["BOP"].  It can not be expected that he would say otherwise.  The [MRI] reports taken in 1988 and the recent [MRI] report taken in 2001, clearly shows that Smith's lower back condition has in fact worsen.  See (Attached Documents Exhibits "F","G","H").

These [MRI] reports indicate that Smith's lower back condition is further deteriorating, also due to his not being able to obtain the proper rest while at the Federal Prison Camp - in Allenwood.  The prison staff is well aware of his condition, and yet, still requires him to work within an institution job.  Thus, he had no choice but to bring this to the attention of the United States District Court in said complaint now presently pending.  This conduct on behalf of prison officials is improper.  See Yosuf v. United States, 642 F. Supp.2d 145 (M.D. Pa 1986)(Bureau of Prison breached duty to injuried prisoner by failing to give him adequate pain medication).

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242 247, 106 S.Ct. 2505, 91 L. Ed.2d 202 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is material only if it might affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the non-moving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which it carries the burden of proof. See Spurlock v. Simmons, 88 F.Supp.2d 1191 (D. Kan. 2000); Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The non-moving party may not rest on its pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241, and the court must view the record in a light most favorable to the parties opposing the motion for summary judgment. Jones v. United States, 91 F.3d 623 (3rd Cir. 1996).

-6-

Smith has submitted medical reports before the court, which are conflicting evidence with defendants position. Thus, the medical evidence should be treated like an affidavit, and it is respectfully submitted that the court is not authorized to accept the factual findings of prison investigation when the Plaintiff has presented conflicting evidence and where the admissions and discovery has yet to ·be filed. (citing Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1978).

Smith's pro se complaint, when sworn and made under penalty of perjury, is also treated as an affidavit and, like the medical reports, serves as evidence for a summary judgment determination. Smith asserted that he was not provided with the recommended treatments ordered by Dr. Ronald M. Krasnick MD., while at [FCI Fort Dix] and [Allenwood Federal Prison Camp], thus, this factor will be revealed after the court orders discovery and admissions in this litigation. At present, there has not been either requested by the Honorable Court. The moving party should be made to answer to interrogatories and admissions as a matter of law, before summary judgment or, a dismissal be granted by the court. However, Plaintiff is confident that the designed specific facts showing that there is existing issues for trial will exist in this case.

In addition, Plaintiff is well aware of the enactment of the Prison Litigation Reform Act ("PLRA"), that a prisoners' good time credits may be revoked for filing a claim the Court determines is malicious, is solely to harass the defendant, or if the prisoner

testifies falsely or presents false evidence.  <u>See</u> 28 U.S.C. § 1932 (Supp. II 1996.

Plaintiff contends that he was lefted without a choice other than to bring these stated issues before the Honorable Court for the violations of his Civil Rights.

### III.    <u>CONCLUSION</u>

**WHEREFORE,** for the reasons stated above, Plaintiff's pray that this Court, will not grant defendant's motion for summary judgment, and or, in the alternative, dismiss the complaint where the admissions and discovery have yet to be filed.

Dated: _September 19, 2001_

Respectfully submitted,

Jerome Smith, Plaintiff
Reg No. 19145-018
Allenwood Federal Prison Camp
Dorm C
P.O. Box 1000
Montgomery, Pa 17752

-8-

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH     :

  Plaintiff    : **CIVIL CASE No. 1:CV-01-1026**

 v.       : (Judge Rambo)

UNITED STATES OF AMERICA : (Mag. Judge Smyser)

  Defendant.   :
        oOo

### CERTIFICATE OF SERVICE BY MAIL

   The undersigned hereby certifies that he is an inmate at Allenwood Federal Prison Camp, Montgomery, Pennsylvania.

   That this 21st day of September, 2001, he served a copy of the attached

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

By placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Allenwood Federal Prison Camp, Mongomery, Pennsylvania.

ADDRESSEE:

Mark E. Morrison Esq.
United States Attorney
228 Walnut Street, 2nd Fl
P.O. Box 11754
Harrisburg, Pa 17108-1754

Jerome Smith, Plaintiff
Allenwood Federal Prison Camp
Dorm C  Reg No. 19145-018
P.O. Box 1000
Montgomery, Pa 17752

<u>E X H I B I T S</u>



**EXHIBIT "A"**

**U. S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*U.S. Customs House - 7th Floor*
*2nd and Chestnut Streets*
*Philadelphia, PA 19106*

February 28, 2000

Jerome Smith
Reg. No. 19145-018
Federal Correctional Institution
P.O. Box 38
Fort Dix, NJ 08640

Re:  Administrative Tort Claim Dated February 1, 2000
     Claim No. TRT-NER-2000-00454

Dear Mr. Smith

This letter is in response to your administrative tort claim in which you
seek compensation in the amount of $100,000.00 for personal injuries you
allegedly suffered on or about December 10, 1998.  This claim was received
in this office on February 10, 2000.

After further investigation this tort claim is being rejected because you
are claiming an injury that occurred while at work, which is excluded from
coverage under the Federal Tort Claims Act.  The exclusive remedy for
inmate accidents at work is the Inmate Accident Compensation System as set
forth in Title 18, United States Code, Section 4126 and 28 Code of Federal
Regulations, Part 301.

If you desire to file a claim under the Inmate Accident
Compensation System, you should contact the Safety Manager at the
institution where you were confined to acquire the proper forms.  Under
the provisions of 28 Code of Federal Regulations, Part 301.101, any claim
for compensation should be submitted at or near the time of release from
confinement, to the Claims Examiner, Inmate Accident Compensation System,
Federal Prison Industries, Inc., Washington, D.C. 20534.

Sincerely,

Henry J. Sadowski
Regional Counsel

EXHIBIT "A1"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CLAIMS EXAMINER
INMATE ACCIDENT COMPENSATION
SYSTEMS
FEDERAL PRISONS INDUSTRIES
WASHINGTON, D.C. 20534
Attn Claims Examiner

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X                          ☐ Agent
                           ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number (Copy from service label)
Z 564 287 874

PS Form 3811, July 1999    Domestic Return Receipt    102595-99-M-1789

 

## EXHIBIT "B"

## CLAIM FOR DAMAGE, INJURY, OR DEATH

| INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS NORTHEAST REGIONAL OFFICE 2nd Chestnut Street – Phila, Pa 19106 | Jerome Smith # 19145-018 FPC Allenwood Dorm A-A P.O. Box 1000 Montgomery, Penna 17752 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 04/09/1958 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT December 10, 1998 | 7. TIME (A.M. OR P.M.) 10:30 AM |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)*

Basis of Claim: Breach of Duty on behalf of medical staff personnel at FCI Fort Dix, New Jersey; and FPC Allenwood which is the proximate cause of the Plaintiff's injuries. In addition, medical staff personnel has shown "deliberate indifference" to plaintiff's medical needs as was prescribed, by Doctor Ronald M. Krasnick, MD on September 22, 1999, at FCI Fort Dix, New Jersey. (See Attach Medical Report) dated 09-22-1999.
Medical staff personnel at FPC Allenwood are showing the same conduct towards the Plaintiff's medical needs at this present date 08-03-2000. Therefore, the increase serious risk is being manifested by prison doctors.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See Instructions on reverse side.)*

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Greatly Aggravated Pain, Weakness, Limitation of Motion, Impairment of Natural Function which results in permanent injury in which, Plaintiff is presently experiencing pain and suffering with mental anguish and great agony since the date of the injury 12-10-98.

**11. WITNESSES**

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| Ms N. Brown Accountant Dr. Ronald Krasnick, MD | F.C.I. Fort Dix, New Jersey 08640 P.O. Box 200 Rancocas Orthopedic Associates (See Attach) Sheet |

**12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
|---|---|---|---|
| | $500,000 | | $500,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory N/A | 14. DATE OF CLAIM 08-03-2000 |
|---|---|---|
| *Jerome Smith* | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

STANDARD FORM 95 (Rev. 7-85)

EXHIBIT "C"

# Social Security
# Benefit Information

From:   SOCIAL SECURITY ADMINISTRATION

JEROME SMITH
#19145-018
PO BOX 1000
MONTGOMERY PA 17752

Date:    September 19, 2000

Telephone No.:   1-800-772-1213

Information about a person's Social Security benefits is confidential by law. Except under certain circumstances specified by law and regulations, the Social Security Administration does not reveal such information to any person except the beneficiary involved, or his or her authorized representative.

Attached is the information you requested about your benefits. The attachment is an official record of your Social Security and/or supplemental security income benefits as of the date of this letter. You may use the attached information for proof of benefits.

If you have any questions concerning this official record, please contact your local Social Security Office.

SIGNATURE AND TITLE OF AUTHORIZED OFFICIAL

| TITLE | SIGNATURE |
|---|---|
| District Manager | |

SOCIAL SECURITY OFFICE ADDRESS

240 W. Third St.

```
  TPQY   DTE:09/19/00  SSN: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              DOC:215 UNIT:T        PG: 001
STATUS    MBR YES LOU-09/19 SSACCS NO  LOU-09/18 SSR YES LOU-02/07/92
INPUT SOCIAL SECURITY NUMBER 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     NAME  J SMITH
             USER CODE T
TPQY CONFIDENTIAL SOCIAL SECURITY DATA - CLAIM NUMBER 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A
INDIVIDUALS OWN SOCIAL SECURITY NUMBER: 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
   JEROME SMITH MALE BORN:04/09/58  ENTITLED:05/1992
   JEROME SMITH          626 MCKEAN ST            PHILADELPHIA PA 19148
PAYMENT STATUS CODE: S7-BENEFITS SUSPENDED IN 09/96
NET MONTHLY BENEFIT IF PAYABLE: $552.00
MEDICARE DATA           ENTITLED
HOSPITAL INSURANCE      05/1994
DATE DISABILITY BEGAN: 11/1991
INPUT SOCIAL SECURITY NUMBER 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     NAME  J SMITH
             USER CODE T
TPQY CONFIDENTIAL SUPPLEMENTAL SECURITY INCOME DATA ON 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
   JEROME SMITH MALE BORN:04/09/58 ELIGIBLE:02/1992
APPLICATION DATE: 02/04/1992 TYPE OF PERSON: DISABLED INDIVIDUAL
MAILING ADDRESS:
   JEROME SMITH          521 DUDLEY ST            PHILA PA 19148
PAYMENT STATUS CODE: T51 - PYMTS NEVER MADE - TERMINATED
             EFFECTIVE   11/1994
```



**EXHIBIT "D"**

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House - 7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

August 11, 2000


Jerome Smith, Register No. 19145-018
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

Re: Administrative Tort Claim Dated August 3, 2000
    Claim No. TRT-NER-2000-02253

Dear Mr. Smith:

This will acknowledge receipt on August 7, 2000, of your administrative tort claim for alleged personal injury suffered at FCI Fort Dix, on or about December 10, 1998.

Under the provisions of the Federal Tort Claims Act, 28 U.S.C. 2675, we have six months from the date of receipt to review, consider, and adjudicate your claim. Accordingly, you may expect to hear from us on or before February 3, 2001.

All correspondence regarding this claim should be addressed to me at: Federal Bureau of Prisons, Northeast Regional Office, Room 801, US Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106. If you have any questions about the status of your claim or if the circumstances surrounding this claim change in any fashion, you should contact me immediately. Also, should your address change, you should advise me accordingly.

Sincerely,

Henry J. Sadowski
Regional Counsel

cc: File

UNITED STATES GOVERNMENT

# Memorandum

**EXHIBIT "D"**

Northeast Regional Office, Philadelphia, PA

FEDERAL BUREAU OF PRISONS

**DATE:** January 26, 2001

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Your Administrative Tort Claim, No. TRT-NER-2000-02253

**TO:** Jerome Smith, Reg. No. 19145-018
FPC Allenwood

Your Administrative Tort Claim No. TRT-NER-2000-02253, dated
August 3, 2000, and properly received in this agency on August 7,
2000, has been considered for settlement as provided by the Federal
Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated
to me by 28 C.F.R. § 543.30. You seek $500,000.00 in compensatory
damages for an alleged personal injury. Specifically, you claim
medical staff at the Federal Correctional Institution (FCI), Fort
Dix, New Jersey, and the Federal Prison Camp (FPC), Allenwood,
Pennsylvania, demonstrated deliberate indifference toward your
medical needs, resulting in permanent injury, pain and mental
anguish. You assert that this painful injury occurred on
December 10, 1998, while you were working in UNICOR.

After careful review of this claim, I have decided not to offer a
settlement. Investigation reveals that you came into custody with
the Federal Bureau of Prisons with an existing back injury which
occurred in 1984. This injury, according to medical records
available, resulted in a herniated disc. Medical records indicate
that you reported a fall at work on December 10, 1998, however,
there is no indication that this resulted in any further injury to
your back. You were evaluated by orthopedic consultants at FCI Fort
Dix and FPC Allenwood. It was the opinion of the orthopedic
consultants, until recently, that your treatment would be managed
without surgery. Your condition has recently demonstrated a need
for surgical repair. However, on January 16, 2001, you refused to
go to the appointment made for you with the neurosurgeon. You are
now expressing concerns about undergoing surgery. You fail to show
that negligence on the part of any Bureau of Prisons' employee has
resulted in your alleged personal injury.

Accordingly, your claim is denied. If you are dissatisfied with
this decision, you may seek reconsideration by this office or bring
an action against the United States in an appropriate United States
District Court within six (6) months of the date of this memorandum.

cc: Nancy Bailey, Warden, FCI Fort Dix
    Jonathan C. Miner, Warden, FPC Allenwood

## Rancocas Orthopedic Associates

**EXHIBIT "E"**

Rancocas Medical Arts Bldg.
220 Sunset Road
Suite 3A
Willingboro, NJ 08046
(609) 871-5900
FAX (609) 871-9301

1288 Route 73 South
Suite 100
Mt. Laurel, NJ 08054
(856) 914-1111
FAX (609) 871-9301

Irving P. Ratner, M.D.
*Spine Surgery*
*Foot and Ankle Surgery*

Ronald M. Krasnick, M.D.
*Joint Replacement*
*Arthroscopic Surgery*

Bruce W. Wulfsberg, M.D.
*Trauma & Reconstructive*
*Sports Medicine*

Andrew B. Sattel, M.D.
*Hand and Upper Extremity*

September 22, 1999

FCI
P.O. Box 38
Fort Dix, NJ 08640

RE: SMITH, Jerome

#19145-018

Mr. Smith had an MRI performed on August 24, 1999. This study is grossly abnormal. The L4-5 disc is bulging centrally. This is causing central canal stenosis and bilateral neuroforaminal stenosis. At L5-S1, he has a herniated disc on the right deforming the thecal sac and also impinging on the right S1 nerve root.

<u>Diagnosis</u>: Lumbar disc disease at L4-5 and L56-S1.

<u>Recommendation</u>: At this point in time, he should be evaluated by Dr. Ratner in terms of whether or not more aggressive management may be necessary.

RONALD M. KRASNICK, MD

/pwp-s
cc: Irving Ratner, MD

**Addendum:** Clinically Mr. Smith is unchanged subjectively and objectively. Ramifications associated with this were discussed in detail. He will be scheduled for evaluation independently by Dr. Ratner and will bring the current MRI films of August 24, 1999 with him for evaluation.



Exhibit "F"

**South Philadelphia**
**Radiologic Center**

1709-Medical Center
1709-South Broad St.
Phila., PA 19148
(215) 271-2000

November 3, 1988

Dr. J. Levyn
724 Porter Street
Philadelphia, PA 19148

RE: SMITH, JEROME #23952          DOB: 4-9-58

Dear Dr. Levyn:

The following are the results of the examination performed on November 1, 1988.

STUDY: MRI LUMBAR

COMMENT: An MRI scan of the lumbar spine was performed. Sagittal and axial views were obtained.

The study is abnormal.

At L 4-5, there is a moderate size central herniation of the disc which is only compressing the anterior epidural fat and does not compress the thecal sac or nerve roots laterally.

At L 5-S 1, there is some loss of water content of the disc. There is a small central protrusion of the disc which is only causing minimal impingement on the epidural fat without causing compression of the thecal sac or nerve roots.

The other disc levels are normal. The bones and facet joints are normal.

IMPRESSION: There is a moderate size central herniation of the L 4-5 disc not compressing the thecal sac. A small central protrusion of the L 5-S 1 disc is present as well.

Thank you for the opportunity of examining this patient.

Sincerely,

Exhibit "G"



# Orange Radiology Associates, P.C.

| MRI of Newburgh | MRI of Orange | MRI of Port Jervis |
|---|---|---|
| 320 Robinson Avenue | 505 Route 208 | at Mercy Community Hospital |
| Newburgh, NY 12550 | Monroe, New York 10950 | Port Jervis, NY 12771 |
| (914) 565-3664 Fax (914) 565-3617 | (914) 783-3444 Fax (914) 783-9561 | (914) 858-5265 Fax (914) 858-5657 |

X-RAY • CT • US • MAMMOGRAPHY • OSTEOPOROSIS EVALUATION • MRI

Dr. Sleavin - Clinical Director                        August 24, 1999
Health Services - FCI Ft. Dix
Box 5000
Fort Dix, New Jersey  08640                        RE: Jerome Smith
                                                       DOB: 4-9-58
                                                       ID #19145-018
                                                       MRI of the Lumbar Spine
Dear Dr. Sleavin:                                      8-17-99

Thank you for referring this patient for the above examination.

MRI OF THE LUMBAR SPINE:
Sagittal T1 and T2 weighted sequences as well as axial gradient echo and T2 weighted sequences are being evaluated.

The vertebral body height and intervertebral disc space height is well maintained at all levels. Degenerative disc disease is seen at the L4-L5 and L5-S1 levels, which is manifested by disc desiccation.

At the L4-L5 level there is broad based disc bulging as well as mild facet overgrowth and ligamentum flavum hypertrophy. These findings in concert are causing mild central canal stenosis as well as bilateral neural foraminal stenosis.

At the L5-S1 level there is a right paracentral-right lateral recess disc herniation, which is causing deformity of the right ventral lateral aspect of the thecal sac as well as mild right neural foraminal stenosis. The conus medularis is situated behind the T12-L1 level and is normal. The paraspinal soft tissues are also normal.

IMPRESSION:
At the L4-L5 level there is degenerative disc disease and broad based disc bulging. In addition, there is facet overgrowth and ligamentum flavum hypertrophy. These findings in concert are causing mild central canal stenosis and bilateral neural foraminal stenosis. At the L5-S1 level there is a right paracentral-right lateral recess disc herniation, which is causing deformity of the ventral thecal sac and possible impingement upon the descending right S1 nerve root. There is also partial compromise of the right neural foramen.

Sincerely,

Robert Gregg, M.D.
Harvey M. Peck, M.D.

RG-HMP:jm

A. VAL____  M.D.
MEDIC__ ____R
FCI FT. DIX

Exhibit # 12



*19145-018*

**EXHIBIT "H"**

SUSQUEHANNA VALLEY
IMAGING
Silver Moon Business Center
935 Zeigler Road
Lewisburg, PA 17837
(570) 522-9300
(888) 522-5540

Services
Open MRI
Computed Tomography
Mammography
Ultrasound
X-Ray

Professional Services
Provided By Tristan
Associates
Jinan O. Bohia, M.D.
Joseph B. Dellisaimo, M.D.
Brian P. Bloom, M.D.
Dean M. Brockmole, M.D.
Stacy J. Castaldi, D.O.
Milton A. Friedlander, M.D.
Mark A. Guastin, M.D.
James R. Hills, M.D.
Joachim J. Huerter, M.D.
Judith A. Mreflak, M.D.
Michael J. Mandell, M.D.
Albert R. Porter, M.D.
Donald J. Schnapf, D.O.
James W. Warren, M.D.
Scott W. Wise, M.D.

Affiliated Offices
TRISTAN ASSOCIATES
4518 Union Deposit Road
Harrisburg, PA 17111
(717) 652-5840
(888) 452-5840
Fax (717) 652-8152

32 Northeast Drive
Suite 101
Hershey, PA 17033
(717) 533-1736
Fax (717) 534-1307

WOMEN'S IMAGING
CENTER
4518 Union Deposit Road
Harrisburg, PA 17111
(717) 652-1438
(888) 452-5840

| PATIENT NAME | ACCOUNT NO | SSN |
|---|---|---|
| JEROME SMITH | 78474 | 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 |

| AT THE REQUEST OF | DATE OF BIRTH | AGE/SEX | DATE OF SERVICE |
|---|---|---|---|
| LEON BIGLETE MD | 04/09/1958 | 42/M | 12/20/2000 |

FPC ALLENWOOD
P O BOX 1000
MONTGOMERY PA 17752

12/20/2000: 072148 MRI L-SPINE

**HISTORY:**    42 year old male with low back pain. Patient had history of fall in 1984.
Patient reports a known HNP at L4-5.

**TECHNIQUE:**    SCOUT
SAGITTAL: T1, T2
TRANSVERSE: T2, T1, CISS

*Leon T. Biglete, MD*
*Medical Officer*

**COMMENTS:**    There are no prior studies available for comparison.

The lumbar spine is in anatomic alignment. There is normal signal intensity within the marrow spaces. The vertebral body heights are well maintained. The conus medullaris is normal in appearance and position. There is moderate decreased hydration of the L4-5 and L5-S1 disc spaces consistent with degenerative change. The remainder of the disc spaces are well hydrated.

The T12-L1, L1-2, and L2-3 disc spaces are normal.

L3-4: There is mild to moderate <u>degenerative hypertrophy</u> of the facets and ligaments of in flavum, but without evidence of significant compromise of the spinal canal or neural foramen.

L4-5: There is a mild concentric disc bulge present. There is a small right posterior broad based HNP superimposed upon this disc bulge. There is also mild to moderate degenerative hypertrophy of the facets and ligament in flavum. The combination of the disc processes and the facet arthropathy is producing a mild central spinal stenosis as well as moderate narrowing of the right lateral recess and mild narrowing of the left lateral recess. There is mild inferior neural foraminal narrowing bilaterally, but without evidence of high grade encroachment upon the L4 nerve roots.

L5-S1: There is a small to moderate broad based right posterior/right foraminal HNP. This HNP is largely responsible for a moderate stenosis of the right lateral recess at this level. There is no significant degree of central stenosis or narrowing to the left lateral recess. There is some inferior neural foraminal narrowing seen bilaterally, but without evidence of significant encroachment upon the L5 nerve roots.

*9/26/00  02:58 PM EST  via VSI-FAX*                                    **Page 2 of 2 →810411**

|  |  |
|---|---|
| Patient: | JEROME SMITH |
| Soc. Sec. #: | 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 |
| D.O.B.: | 04/09/1958 |
| Account #: | 78474 |

Continued: Page 2 of 2

SUSQUEHANNA VALLEY
IMAGING
Silver Moon Business Center
933 Zeigler Road
Lewisburg, PA 17837
(570) 522-9300
(888) 522-5540

Services
Open MRI
Computed Tomography
Mammography
Ultrasound
X-Ray

Professional Services
Provided By Tristan
Associates
Jinan O. Bahia, M.D.
Joseph B. Bellissimo, M.D.
Brian P. Bloom, M.D.
Dean M. Brockmole, M.D.
Stacy J. Castaldi, D.O.
Milton A. Friedlander, M.D.
Mark A. Guenin, M.D.
James R. Hills, M.D.
Joachim J. Huerter, M.D.
Judith A. Jozeflak, M.D.
Michael J. Mandell, M.D.
Albert R. Porter, M.D.
Donald J. Schnapf, D.O.
James W. Warren, M.D.
Scott W. Wise, M.D.

Affiliated Offices
TRISTAN ASSOCIATES
4518 Union Deposit Road
Harrisburg, PA 17111
(717) 652-5840
(888) 452-5840
Fax (717) 652-8152

32 Northeast Drive
Suite 101
Hershey, PA 17033
(717) 533-1736
Fax (717) 534-1307

WOMEN'S IMAGING
CENTER
4518 Union Deposit Road
Harrisburg, PA 17111
(717) 652-1438
(888) 452-5840

**DIAGNOSIS:**

1.  Mild central stenosis and bilateral lateral recess stenosis (right greater than left) at L4-5 due to a combination of a disc bulge, broad based small HNP, and facet arthropathy.
2.  Broad based right posterior/foraminal HNP at L5-S1.

ELECTRONICALLY SIGNED
Scott W. Wise, M.D.
SWW/ra