ORIGINAL

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,

        Plaintiff     :    Civil No. 1:CV-01-1026

      v.               :    (Judge Rambo)

UNITED STATES OF AMERICA    :    (Magistrate Judge Smyser)

        Defendant.     :

FILED
HARRISBURG, PA

SEP 2 8 2001

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

### PLAINTIFF DISPUTE THE FACTS IN DECLARATION OF TOA G. CHAW, MD DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

JEROME SMITH
REG No. 19145-018
ALLENWOOD FEDERAL PRISON CAMP
DORM C
P.O. BOX 1000
MONTGOMERY, PA 17752

Dated: September 19, 2001

## INDEX

Declaration of Plaintiff Jerome Smith . . . . . . . . . . . . . . . . . . . R.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,                          :

        Plaintiff          :     **CIVIL CASE No. 1:CV-01-1026**

    v.                             :     **(Judge Rambo)**

UNITED STATES OF AMERICA               :     **(Magistrate Judge Smyser)**

        Defendant.         :
                              oOo

## <u>DECLARATION OF JEROME SMITH</u>

I, Jerome Smith, do hereby dispute the facts alleged by Dr. Toa G. Chaw, M.D., in his Declaration dated 10th day of August, 2001.

1.    I am currently incarcerated at Allenwood Federal Prison Camp, under the custody of the Federal Bureau of Prisons, Montgomery, Pennsylvania. I have been incarcerated for 6 years, serving a 100 month sentence.

2.    As a federal inmate, in the Federal Prison system, I have been in full compliance with B.O.P., rules and regulations for the entire course of my incarceration over a 6 year period.

3.    I am unabled to work upon my release from Allenwood Federal Prison Camp, due to my lower back condition, and I receive a disability grant from the Social Security Administration and have so since 1992.

4.    I filed the complaint against the defendant, United States of America, whom operates a prison system in which the ("BOP"), whom failed to provide me with the proper medical treatments for my lower back problems to reduce the pain and suffering.

-1-

5. Yes, it is a fact that I was shot in the lower back during 1985, being a victim of a crime. Thus, I am in agreement with Dr. Chaw's findings. However, it is irrelevant because the ("BOP"), is required to provide adequate medical treatments for medical problems of inmates; a prisoner who requires care not available in the correctional institution should be transferred to a hospital.

6. The medical record indicated by Dr. Chaw, in paragraph [6] is correct that Plaintiff already had back and leg problems, and therefore, should have not been forced to work institutional prison jobs that would put his health at further risk.

7. The medical record indicated by Dr. Chaw, in paragraph [7] is correct and Plaintiff should not have been forced to work institutional jobs that would place his health at further risk.

8. The medical records are correct and Plaintiff should not have been forced to work institutional jobs that would place his health in further risk. paragraph [8]

9. Plaintiff indicated that he could not take Ibuprofen, 600 mg. tablets, and flexeril, 10 mg. tablets as is indicated in paragraph [9] and instructed medical staff at both institutions of the stomach discomfort the medication caused. Thus, it was ineffective treatment because Plaintiff could not use the pain killers given, and should not have been forced to work institutional jobs placing his health at further risk.

-2-

10. Yes, the medical records indicate that Plaintiff was seen by the doctor at FCI Fort Dix, New Jersey, on April 20, 1999, and he was educated on the benefits of losing weight. However, previous medical records show that Plaintiff is unable to exercise, due to the experiencing of pain in both legs and lower back which is indicted in the medical reports. Thus, he only received an examination on this date indicated in paragraph [10] and received no treatments.

11. Plaintiff received no treatments on June 2, 1999, as is indicated in paragraph [11] and should have not been forced to work institutional jobs.

12. Plaintiff received no treatments on June 14, 2001, as stated in paragraph [12] due to the medication being ineffective and unable to use the pain killers given, and should not have been forced to work institutional jobs placing him in further risk to health.

13. Yes, the medical record indicate that Plaintiff was seen on the date indicated in paragraph [13], but Plaintiff did not receive treatments and should not have been forced to work institutional jobs placing him at further risk to health.

14. Yes, Plaintiff was seen on June 28, 1999, but was not treated as indicated in paragraph [14], and should not have been forced to work institutional jobs placing his health at further risk.

-3-

15.  The medical appointment in paragraph  [15] may have been a
     day when the institution cancelled call-outs  for one reason
     or another.

16.  The medical report indicated in paragraph [16] shows that
     Plaintiff condition changed since the [MRI] report taken during
     1988 -. 1992 MRI, and Plaintiff should have been seen by the
     specialist to determine whether or not more aggressive management
     was necessary.  This is also the basis of the malpractice claim
     against the ("BOP") and defendant United States of America.

17.  The medical report indicated in paragraph [17] is correct, and
     no treatments were provided on this date.

18.  The medical report indicated in paragraph [18] does show that
     Plaintiff was seen on this date, however, Plaintiff was also
     experiencing lower back pain and was not treated, and should
     not been forced to work with further risk to health.

19.  The medical report indicated in paragraph [19] is correct,
     but medical personal failed to explain to Plaintiff of what
     could be possible regarding weight loss providing information
     as an alternative to physical exercise.  This was not done thus,
     no treatment was provided.

20.  The medical report indicated in paragraph [20] is correct
     which shows that Plaintiff only received a medical idle status
     not to work on the dates indicated.

-4-

21. The medical record indicate in paragraph [21] is correct
    and institutional staff may have cancelled call-outs for
    this day.

22. The medical record indicated in paragraph [22] is incorrect
    because Plaintiff was seen and examined with no treatments
    being provided.

23. Records indicate that Plaintiff was being transferred, to
    Allenwood Federal Prison Camp.

24. Medical records are correct in which on this date Plaintiff
    informed medical staff personal that he was having servere
    pain in his lower back, and that his medical records from
    FCI Fort Dix, New Jersey, indicated that an examining doctor
    requested that he be seen by a specialist.  No treatments
    were provided.  Paragraph [24]

25. The medical records indicated that Plaintiff was seen on this
    date in paragraph [25], but no treatments were provided.

26. Medical records indicate that Plaintiff reported to health
    services on the date indicated in paragraph [26], and received
    Tylenol for pain.  It has now been two years later since the
    fall and some other medical personal realized that Plaintiff
    could not take Ibuprofen, 600 mg. given for two years that
    Dr. Toa G. Chaw, MD., is counting as treatments in the reports.

-5-

27.  The medical record in paragraph [27] is correct and no
     treatments were provided, thus, Plaintiff should not have
     been forced to work placing his health at further risk.

28.  Medical records are correct, Plaintiff should not have been
     forced to work.   Paragraph [28]

29.  Medical records are correct in paragraph [29], and Plaintiff
     should have not been forced to work placing his health at
     further risk.

30.  Medical records in paragraph [30] is correct and Plaintiff
     should not have been forced to work placing his health at
     further risk.

31.  Medical records are correct in paragraph [31], no treatments
     were provided and Plaintiff should not been required to work
     placing his health at further risk.

32.  Medical records are correct in which the neurologist indicates
     that Plaintiff needs surgery after new MRI.  No treatments
     were provided as is indicated in paragraph [32].

33.  Medical records indicated in paragraph [33] is correct, and
     Plaintiff was locked in segregation for no reasons other than
     communicating to Mr. Levi, that he was going to contact his
     attorney to inform about the non-treatments he was receiving
     for his lower back condition.  Plaintiff suffered additional
     pain on this date.

34. Medical records are correct as indicated in paragraph [34], but however, Plaintiff did not receive any treatments for his pain and suffering only an examination was provided.

35. Medical records are correct as indicated in paragraph [35] and no treatments were provided for pain.

36. Medical records are correct, Plaintiff should not have been forced to work institutional jobs.  Paragraph [36]

37. Medical records indicated in paragraph [37] are correct and Plaintiff should have not been forced to work due to his medical condition.

38. Plaintiff was unaware of an appointment set for this date indicated in paragraph [38].

39. Medical records in paragraph [39] is correct, and Plaintiff should have not been forced to work.

40. Medical records in paragraph [40] is correct, and Plaintiff should have not been forced to work further placing his health at risk.

41. Medical records are correct and no treatments were provided other than the pain killers indicated previously in this declaration, and Plaintiff should not have been forced to work due to his medical condition.  Paragraph [41]

42. Medical records are correct in paragraph [42] and Plaintiff should not have been forced to work institutional work due to his servere leg and back pain.

43. Medical records indicated in paragraph [43] is correct and the neurosurgeon decided to hold off on surgery because the Plaintiff is expecting to graduate during the month of February 2002, from the 500 hour drug abuse program and would miss the opportunity to be released from the prison early after completion of the program in which upon completion of the program he is entitled to early release pursuant to 18 USC § 3621(e).

44. Medical records indicated in paragraph [44] is correct and Plaintiff should not have been forced to work due to his medical condition.

45. In Summary, Plaintiff contends that he does suffer from a long history of leg and back pain as was indicated in his complaint stated against the defendants. Thus, it is irrelevant when prison officials had this information concerning Plaintiff's medical condition and failed to provide adequate treatments and forcing Plaintiff to perform work within the institution. Paragraph [45].

46. Medical records are correct concerning Plaintiff's other health problems which were treated with medication, however, he did not receive the proper treatments for his lower back condition and now will have to have corrective surgery after his release from Federal Prison during February 2002.

I Jerome Smith, Plaintiff declare that all the statements made in
my foregoing declaration are true and accurate.  I further declare
that the foregoing medical documents presented will show that
I did not receive the recommended treatments made by the examining
specialist on September 22, 1999, and my pain and suffering was
the proximate cause as an direct result of the defendant's "deliberate
indifference" to my health.  The foregoing is true and correct to the
best of my knowledge and belief, and given under the penalty of
perjury pursuant to 28 U.S.C. § 1746.

Executed this ___19th___ day of September 2001.

Jerome Smith #19145-018
Allenwood Federal Prison Camp
Dorm C
P.O. Box 1000
Montgomery, Pa 17752

-9-

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH                         :

      Plaintiff              :   **CIVIL CASE No. 1:CV-01-1026**

  v.                                 :

UNITED STATES OF AMERICA             :

      Defendant.             :
                    oOo

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is an inmate at Allenwood
Federal Prison Camp, P.O. Box 1000 Montgomery, Pennsylvania
17752.

     That this 19 day of September, 2001, he served a copy
of the attached

**PLAINTIFF'S DECLARATION IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT**

by placing said copy in a postpaid envelope addressed to the person
hereinafter named, at the place and address stated below, which is
the last known address, and by depositing said envelope and contents
in the United States Mail Box, at Allenwood Federal Prison Camp,
Montgomery, Pennsylvania.

ADDRESSEE:

Mark E. Morrison Esq.
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, Pa 17108-1754

_Jerome Smith_
Jerome Smith, Plaintiff

-10-