UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,
      Plaintiff     :    CIVIL NO. 3:CV-01-1026

v.                           : (Judge Rambo)

UNITED STATES OF AMERICA,     : (Magistrate Judge Smyser)
      Defendant

**REPORT AND RECOMMENDATION**

**1.    Background**

    a.    **Procedural History**

The plaintiff, Jerome Smith ("Smith"), is an inmate at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania ("FPC-Allenwood"). On June 8, 2001, Smith, acting *pro se*, filed a complaint stating a medical negligence claim under the Federal Tort Claims Act ("FTCA") as well as *Bivens*[1] claims. (Doc. 1.) Smith named as defendants the United States of America and the Federal Bureau of Prisons. (*Id.*) By Order of July 10, 2001, the court dismissed the plaintiff's *Bivens*

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* provides that a plaintiff can recover damages from federal agents for injuries inflicted in violation of the individual's Constitutional rights. *Bivens*, 403 U.S. at 392-97.

AO 72A
(Rev.8/82)

claims and dismissed the FTCA claim as to the Bureau of Prisons. (Doc. 9.) On August 28, 2001, the defendant filed a motion to dismiss or, in the alternative, for summary judgment, addressing the plaintiff's surviving FTCA action against the United States. (Doc. 14.) The plaintiff, on September 28, 2001, filed a brief opposing the defendant's motion to dismiss. (Doc. 19.)

### b. Summary Judgment Standard

Insofar as the affidavits submitted in addition to the defendant's memorandum of law in support of its motion have been considered, the defendant's motion will be considered as one for summary judgment. A court may grant summary judgment if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Brooks v. Kyler, 204 F.3d 102, 105 (3d Cir. 2000)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The movant bears the burden of demonstrating the absence of a genuine issue of material fact. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 305 (3d Cir. 1999)(citations omitted). Once the movant has satisfied this initial burden, the opponent must present "specific facts which demonstrate that there exists a genuine issue for trial."

-2-

*Orson, Inc. V. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). To raise a genuine issue of material fact, the opponent need not address each piece of evidence proffered by the movant: "if the opponent has exceeded the 'mere scintilla' threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent...." *Big Apple BMW, Inc. v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### c.  Undisputed Facts

The plaintiff has responded to the defendant's Statement of Material Facts ("SMF"), (Doc. 17), with a document entitled, "Plaintiff Dispute the Facts in Declaration of Toa G. Chaw, MD."  (Doc. 20.)  In this document, the plaintiff addresses only the statements made by Dr. Chaw, a medical doctor at FCI-Allenwood. (Declaration of Toa G. Chaw, M.D. (Doc. 16, p. 12 "Chaw Decl.".)  Because the plaintiff has failed to respond to most of the material facts set forth by the defendant in the Statement of Material Facts, those facts not controverted by the plaintiff are deemed admitted, pursuant to Local Rule 56.1. We find these facts not to be in dispute for the purpose of the defendant's motion:

AO 72A
(Rev.8/82)

As far back as 1989, Smith has suffered from pre-existing back and leg injuries. (Chaw Decl. ¶ 5,6.) Smith has been in the custody of the Federal Bureau of Prisons since November 8, 1995. (SMF ¶ 3.) Smith was incarcerated at the Federal Correctional Center at Fort Dix, New Jersey ("FCI-Ft. Dix") from late September, 1996 until late June, 2000. (*Id.* ¶ 3.) On December 10, 1998, Smith slipped and fell in the UNICOR business office at FCI-Ft. Dix while he was working within the scope of prison employment. (*Id.* ¶¶ 5-6.) Smith has been incarcerated at FCI-Allenwood from July 5, 2000, until the present time. (*Id.* ¶ 4.)

2.  **The Prison Industries Fund is an Exclusive Remedy for Work Related Injuries**

The Prison Industries Fund is the exclusive remedy available to inmates "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(2001); *see also, Vander v. United States Dept. of Justice*, No. 99-56234, 2001 U.S. App. LEXIS 21580, at *3-4 (9th Cir. Oct. 9, 2001)(citing *United States v. Demko*, 385 U.S. 149, 152-53 (1966)).

-4-

In *Vander*, the inmate, before he was incarcerated, had a knee injury. Upon his incarceration, he was given work with Prison Industries where he injured himself, aggravating the pre-existing condition. *Id.* at *2. Vander sued "to recover for the exacerbation of the injury which was caused by the alleged negligence of prison officials in supplying the care and treatment that he was entitled to." *Id.* Prisoners generally may sue under the FTCA for injuries caused by the negligence of prison officials. *Id.* at *3 (citing *United States v. Muniz*, 374 U.S. 150, 158 (1963)). Vander argued that he therefore should have been able to bring an FTCA action for the aggravation of his injury. After reviewing the statute and regulations, the Ninth Circuit disagreed. *Id.* at *4.

The court found that the provisions of the Prison Industries regulations preclude a civil action for a prisoner who is injured while working in Prison Industries. *Id.* "The regulations under § 4126(c) provide that as far as the United States is concerned, 'compensation may . . . be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury.'" *Id.* (quoting 28 C.F.R. § 301.301(b)). The Ninth Circuit interpreted that provision to mean that the Prison Industries Fund is "'the exclusive remedy

-5-

when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials.'" *Id.* (quoting *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987)). *See also Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974) (per curiam)(finding that despite allegation that hospital worker's negligence aggravated injuries, the plaintiff was "barred from litigating the matter under the Federal Tort Claims Act since the cause of his original injury was work-related . . . ."); *cf. Love v. United States Federal Bureau of Prisons*, No. 90-7450, 1991 U.S. Dist. LEXIS 7386, at * 7 (E.D. Pa. May 31, 1991)("As long as the [federal inmate] plaintiff's injuries occurred while the prisoner was on the [Prison Industries] job § 4126 is his exclusive remedy.").

Under 18 U.S.C. § 4126(c), prisoners are not to receive compensation for injuries which is greater than that available under the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8152 (1999). The *Vander* court also looked to the general compensation plan for federal employees. Under that Act, liability to federal employees is "exclusive and instead of all other liability of the United States." 5 U.S.C. § 8116(c). The Ninth Circuit noted that "[w]e have interpreted

-6-

that to mean that the Act 'took away [employees'] right to sue the government in tort for medical malpractice arising out of the injury, as well as for the injury itself.'" *Vander*, 2001 U.S. App. LEXIS 21580, at *6 (citing *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995)). The *Vander* court pointed to other circuits that have reached the same conclusion, including the Third Circuit, in *Gold v. United States*, 387 F.2d 378, 379 (3d Cir. 1967). *Id*. (listing cases).

The *Vander* court held that in the case of an inmate "injured on the job, he cannot bring an action against the United States under the FTCA for that injury or for negligence by United States agents regarding the treatment of that injury. The FTCA action is barred by 18 U.S.C. § 4126(c) and the regulations thereunder." *Id*. at *6-7.

The reasoning and the holding of the Ninth Circuit is persuasive. It is recommended that this court apply that reasoning as to the injuries suffered by the plaintiff from the fall at UNICOR and the medical treatment that he received for those injuries.

AO 72A
(Rev.8/82)

3.  **The Defendants Have Not Established That the Plaintiff's Injuries are Exclusively Work-Related**

Finding that the plaintiff's claims based upon his work-related injuries and the medical treatment he received for those injuries are barred under the FTCA, however, does not completely resolve this case. Wooten v. United States, 825 F.2d 1039, 1045 (6th Cir. 1987). In Wooten the inmate also complained that his pre-existing medical condition was aggravated by a work-related injury. Id. at 1040-41. The district court eventually dismissed the inmate's complaint, reasoning that because Wooten's injuries were work-related, his exclusive remedy was that provided for by 18 U.S.C. § 4126, and that the court was without jurisdiction to consider the complaint under the FTCA. Id. at 1044.

Reversing in part the district court's dismissal of Wooten's claims, the Sixth Circuit reasoned, "In our view, the aggravation of the pre-existing medical problem and the medical problem itself constitute two separate injuries. Thus, to the extent that Wooten sought relief under the FTCA for the aggravation of his pre-existing back problem as a result of his job assignment, his complaint is barred . . ." Id. at 1045. The court noted, however, that the injuries suffered by Wooten

-8-

were not all work-related, and held that the inmate might be able to recover under the FTCA for both those injuries and the inadequate medical care provided for them. *Id.*

The Sixth Circuit concluded "[w]e are reluctant to attempt to separate Wooten's work-related injuries from his nonwork-related injuries on the record before us. We therefore remand the case to the district court with instructions to determine which of Wooten's injuries are nonwork-related." *Id.* We believe that a similar determination is required in this case.

4.  **RECOMMENDATION**

Based on the foregoing, it is recommended that the defendant's motion for summary judgment be granted in part and denied in part. The motion should be granted with respect to the plaintiff's work-related injuries and the medical treatment he received for those injuries and should be denied with respect to the plaintiff's claims regarding the medical treatment for injuries that are not work-related.

J. Andrew Smyser
Magistrate Judge

Dated: December 5, 2001

-9-

FILED
HARRISBURG, PA

DEC 0 5 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,
    Plaintiff

v.

UNITED STATES OF AMERICA,
    Defendant

: CIVIL NO: 3:CV-01-1026
:
: (Judge Rambo)
: (Magistrate Judge Smyser)

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §§ 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: December 5, 2001

AO 72A
(Rev.8/82)

```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

                 * * MAILING CERTIFICATE OF CLERK * *

                          December 5, 2001


Re:  1:01-cv-01026    Smith v. USA



True and correct copies of the attached were mailed by the clerk
to the following:


     Jerome Smith
     FPC-ALLEN
     Federal Prison Camp at Allenwood
     19145-018
     P.O. Box 1000
     Montgomery, PA  17752

     Mark E. Morrison, Esq.
     Office of the United States Attorney
     P.O. Box 11754
     Harrisburg, PA  17108-1754




cc:
Judge                           (✓)              ( ) Pro Se Law Clerk
Magistrate Judge                (✓)              ( ) INS
U.S. Marshal                    ( )              ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( )   with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( )   with Petition attached & mailed certified mail
                                      to: US Atty Gen  ( )    PA Atty Gen ( )
                                          DA of County ( )    Respondents ( )
Bankruptcy Court                ( )
Other  Hrg due                  (✓)
                                                    MARY E. D'ANDREA, Clerk
```

DATE: _____12-5-01_____     BY: _____/s/_____
                                          Deputy Clerk

Case 1:01-cv-01026-SHR   Document 22   Filed 12/05/2001   Page 12 of 12