IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMITH, | ) | |
|     Plaintiff | ) | |
| | ) | Civil No. 2:CV-01-1026 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Judge Rambo) |
|     Defendant | ) | (Magistrate Judge Smyser) |

### DEFENDANT'S BRIEF IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. BACKGROUND

On August 28, 2001, defendant filed a motion to dismiss or in the alternative for summary judgement challenging plaintiff's FTCA action as barred by the exclusive remedy - the Prison Industries Fund, 18 U.S.C. § 4126 (c) - for work-related injuries sustained when plaintiff fell while working at UNICOR.

On September 28, 2001, plaintiff filed a brief opposing defendant's motion to dismiss. Plaintiff failed to respond to most of defendant's statement of material facts. It is undisputed that on December 10, 1998, plaintiff slipped and fell in the UNICOR business office at FCI-Ft. Dix while he was working within the scope of prison employment.

On December 5, 2001, the Magistrate Judge filed his Report and Recommendation, granting in part and denying in part defendant's motion to dismiss:

> "The motion should be granted with respect to the plaintiff's work related injuries and the medical treatment he received for those injuries and should be denied with respect to the plaintiff's claims regarding the medical treatment for injuries that are not work-related."

Report and Recommendation, p. 9.

The Report and Recommendation discusses, principally, two cases: *Wooten v. United States*, 825 F.2d 1039 (6th Cir. 1987), and *Vander v. United States Department of Justice*, 268 F.3d 661 (9th Cir. 2001). It is submitted that the Magistrate Judge was correct in applying *Vander*, but erred in finding *Wooten* to be dispositive.

## II. QUESTION PRESENTED

Should this Court reject the recommendation of the Magistrate Judge denying defendant's motion for summary judgment as said denial is based on the erroneous application of *Wooten v. United States* and adopt the remaining recommendation?

(Suggested answer in the affirmative).

## III. ARGUMENT

**A. Since Smith's alleged injuries stem from a work-related accident, his exclusive remedy lies with the Prison Industries Fund; thus, this FTCA action is barred and should be dismissed.**

**B. The Magistrate Judge erred in denying defendant's motion for summary judgment as said denial is based on the erroneous application of *Wooten v. United States*.**

A. Defendant does not object to the Magistrate Judge's conclusion that the Prison Industries Fund, 18 U.S.C. §1426 is an exclusive remedy for work-related injuries. It is also submitted that the Magistrate Judge's discussion and application of *Vander v. United States Department of Justice*, 268 F.3d 661 (9th Cir. 2001) is correct.

The Report and Recommendation and the *Vander* court point out that the Third Circuit has reached the conclusion that the compensation scheme for working prisoners is parallel to the exclusivity of remedy for federal employees under the Federal Employees' Compensation Act[1]. *Gold v. United States*, 387 F.2d 378, 379 (3d Cir. 1967).

---

[1] 5 U.S.C. § 8101-8152.

B. The defendant objects to the Report and Recommendation in its reliance on *Wooten v. United States*, 825 F.2d 1039 (6th Cir. 1987) to support a conclusion that both work-related and nonwork-related injuries are alleged in this case.

The present case is distinguishable from *Wooten* in that Smith sustained a clear injury in an accident that is undisputedly work-related. The fact that Smith claims inadequate medical care for his back injury does not raise a claim for a separate and distinct injury. If this were true, every prisoner injured while working could bring both a Title 18 U.S.C. § 4126 claim and an FTCA claim.

*Wooten* involved a more complex set of circumstances than this case. In addition to work-related injuries, Wooten alleged that he had been forced to perform nonwork-related tasks and did not receive proper treatment for injuries sustained while performing nonwork-related tasks.

Instantly, Smith points to a specific fall **at work** and alleges that he received inadequate treatment for injuries sustained (exacerbation of a back condition) from said fall. The Magistrate Judge seems to erroneously equate Smith's allegations of negligent medical care with Wooten's non-work-related injuries. A review of Smith's administrative tort claim fails to reveal any allegation of a non-work-related injury. Similarly, the Complaint itself does not allege a non-work-related injury. Smith states in his Complaint, "At approximately 10:30 a.m on December 10, 1998, Smith slipped on the floor in Unicor, business office falling over a desk, and hitting his left knee and lower back on the floor. . . Shortly thereafter, Smith **began** experiencing lower back pain and pain -in his legs." Complaint, ¶¶ 9-10 (emphasis added). Smith has failed to allege any non-work-related injury caused by the Bureau of Prisons. In *Wooten*, the Sixth Circuit specifically pointed out that a district court trial had already found that the government had been

negligent, as prison officials "forced [Wooten] to perform non-work-related tasks that worsened his condition and caused him considerable pain and suffering." *Wooten* at 1045. In the instant case, Smith has failed to allege a non-work-related injury, much less proven that one exists. Therefore, *Wooten*'s fact-specific holding does not apply in this case.

This case presents no dichotomy of injuries. It is undisputed that Smith sustained pre-existing leg and back injuries. It is undisputed that Smith fell while working for UNICOR on December 10, 1998. Any claim that Smith's condition was worsened by negligence or malpractice in treating his back injury after his fall does not constitute a separate injury for which he can recover under the FTCA. The Magistrate Judge correctly pointed this out in his reliance on *Vander*. However, the Magistrate erred in holding that *Wooten* is dispositive here. The District Court in Wooten held that two distinct injuries were sustained by plaintiff in that case - work-related and nonwork-related. Here, the aggravation of a pre-existing back problem was the fall itself - the work-related injury. Thus, this Court is not faced with the task of separating and categorizing two injuries. Smith's claim is for alleged substandard care for his back injury sustained in a fall while working for UNICOR. His claim of substandard care for the back injury is part of the overall claim, not a separately compensable claim. Where an inmate with a pre-existing medical problem is subsequently injured in a work-related incident, his exclusive remedy is section 4126. *Aston v. United States*, 625 F.2d 1210 (5th Cir. 1980). This includes the medical treatment rendered to treat that injury. As the Ninth Circuit posits in *Vander, supra,* "[T]he regulations under § 4126 (c) provide that as far as the United States is concerned, 'compensation may... be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury. 28 C.F.R. § 301.301 (b)'". *Vander v. United States*, 268 F.3d 662 *at* 663.

## **CONCLUSION**

Accordingly, for the reasons set forth above, defendant requests that this Court adopt the Magistrate Judge's December 5, 2001 Report recommending the granting of defendant's Motion to Dismiss or in the alternative for Summary Judgement and reject the recommended denial in part of defendant's Motion to Dismiss or in the alternative for Summary Judgement

                              Respectfully submitted,

                              MARTIN C. CARLSON
                              United States Attorney

                              MARK E. MORRISON
                              Assistant United States Attorney


                              Federal Building, 2nd Floor
                              228 Walnut Street, PO Box 11754
                              Harrisburg, PA  17108-1754
                              Phone:  717-221-4482
                              Fax:  717-221-2246

Dated: December 19, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME SMITH,<br>    Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant | Civil No. 3:CV-01-1026<br><br>(Judge Rambo)<br>(Magistrate Judge Smyser) |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 19, 2001, she served a copy of the attached

**BRIEF IN SUPPORT OF DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

**Addressee:**
Jerome Smith
Reg. No. 19145-018
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752


ANITA L. LIGHTNER
Paralegal Specialist