IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



JEROME SMITH, : CIVIL NO. 1:CV-01-1026
    Plaintiff :
: (Judge Rambo)
v. : (Magistrate Judge Smyser)
:
UNITED STATES OF AMERICA, :
    Defendant :

### ORDER

FILED
JAN 0 3 2002
PER ____
HARRISBURG, PA ·DEPUTY CLERK

    On December 5, 2001, the magistrate judge filed a report in which he recommends that Defendants' motion for summary judgment be granted in part and denied in part. Defendant has filed objections to the recommendation that summary judgment be denied in part.

    Plaintiff Jerome Smith is an inmate at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania. Previously, he was an inmate at Federal Correctional Institution at Fort Dix, New Jersey. While at Fort Dix, Plaintiff slipped and fell in the UNICOR business office while working within the scope of prison employment. On June 8, 2001, Plaintiff filed a suit stating a medical negligence claim under the Federal Tort Claims Act ("FTCA") as well as a <u>Bivens</u> claim. The suit named the United States of America and the Federal Bureau of Prisons. The Federal Bureau of Prisons was dismissed as a party and the <u>Bivens</u> claim was dismissed by order dated July 10, 2001.

    Defendant filed a motion to dismiss or, alternatively, for summary judgment. Because the magistrate judge considered affidavits in his decision, the motion was considered as one for summary judgment. Defendant's

Certified from the record
Date 01-03-02
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

motion challenged Plaintiff's claim under the FTCA as being time-barred by the exclusive remedy found in the Prison Industries Fund, 18 U.S.C. § 4126(c), for work related injuries sustained while performing prison employment. See Vander v. United States Dept. of Justice, 268 F.3d 661 (9th Cir. 2001). The magistrate judge agrees with the foregoing.

However, pursuant to Wooten v. United States, 825 F.2d 1039 (6th Cir. 1987)l, which held that where there is a dichotomy of injuries -- both work and non-work related -- a prisoner could recover under the FTCA for non-work related injuries. Therefore, the magistrate judge recommended in the instant action that summary judgment be denied on Plaintiff's claims regarding medical treatment for injuries that are not work related.

In its objections to the report and recommendation, Defendant alleges there is no dichotomy of injuries in this case. It is undisputed that Smith fell while working for UNICOR on December 10, 1998; that this fall aggravated a pre-existing back problem, and the alleged negligent treatment was for this aggravated injury. Thus, Vander, supra, and not Wooten, supra, applies to the case at bar.

Accordingly, upon careful review of the complaint, the undisputed facts and the applicable law, **IT IS HEREBY ORDERED THAT**:

1) The court adopts in part and rejects in part the report and recommendation of Magistrate Judge Smyser.

    a) the report is adopted as to the recommendation that Defendant's motion for summary judgment be granted as to Plaintiff's work related injuries and the medical treatment received for those injuries.

    b) the report is rejected as to the recommendation that Defendant's motion for summary judgment be denied as to Plaintiff's non-work related injuries as this court finds such claims to be non-existent.

2

2) Defendants' motion for summary judgment is granted in favor of Defendant and against Plaintiff.

3) The Clerk of Court shall enter judgment in favor of Defendant and against Plaintiff and close the file.

4) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

Dated: January 3, 2002.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

```
            UNITED STATES DISTRICT COURT
                      FOR THE
            MIDDLE DISTRICT OF PENNSYLVANIA

            * * MAILING CERTIFICATE OF CLERK * *
```

Re:  1:01-cv-01026    Smith v. USA

True and correct copies of the attached were mailed by the clerk to the following:

```
    Jerome Smith
    Federal Prison Camp at Allenwood
    19145-018
    P.O. Box 1000
    Montgomery, PA  17752

    Mark E. Morrison, Esq.
    Office of the United States Attorney
    Harrisburg, PA  17108-1754
```

```
cc:
Judge                        (X )         ( ) Pro Se Law Clerk
Magistrate Judge             (X )         ( ) INS
U.S. Marshal                 (  )         ( ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (X )
Other_____      (  )
```

MARY E. D'ANDREA, Clerk

DATE: January 3rd, 2002                BY: _____
                                              Deputy Clerk